NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000005
28-MAR-2024
08:21 AM
Dkt. 105 SO

NO. CAAP-23-0000005
(Consolidated with NO. CAAP-23-0000401)


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


**CAAP-23-0000005**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PULETUA WILSON, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-18-0001923)


and


**CAAP-23-0000401**
STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
PULETUA WILSON, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CPC-18-0001923)


**SUMMARY DISPOSITION ORDER**
(By: Wadsworth, Presiding Judge, Nakasone and Guidry, JJ.)

Defendant-Appellant Puletua Wilson (**Wilson**) appeals in

CAAP-23-0000005 from the Judgment of Conviction and Sentence

(**Judgment**), filed by the Circuit Court of the First Circuit

(**circuit court**) on November 15, 2022,[1] for Manslaughter in violation of Hawaii Revised Statutes (**HRS**) § 707-702(1)(a) (2014).[2]  Wilson appeals in CAAP-23-0000401 from the circuit court's Order Denying Motion for Reconsideration of Sentence Filed on February 10, 2023, entered on January 17, 2024.[3]

This case involves an October 2017 car accident in which Wilson, who was driving the car, swerved off a cliff.  His passenger, Troy Kaho'oilihala, Jr. (**Kaho'oilihala**) was ejected from the car and died.  In December 2018, Wilson was charged by indictment with Manslaughter.  A jury found Wilson guilty as charged in July 2022.  In November 2022, the circuit court sentenced Wilson to an indeterminate prison term of 20 years.

Wilson argues five points of error on appeal.  In CAAP-23-0000005,[4] he contends that the circuit court erred by:

---

[1]     The Honorable Paul B.K. Wong presided.

[2]     HRS § 707-702(1)(a) states, in pertinent part, "[a] person commits the offense of manslaughter if . . . [t]he person recklessly causes the death of another person[.]"

[3]     CAAP-23-0000401 was consolidated with CAAP-23-0000005 on March 13, 2024, under CAAP-23-0000005.  Prior to consolidation, this court temporarily remanded CAAP-23-0000401 to the circuit court for entry of a written and signed order disposing of the motion to reconsider.  The circuit court entered the written and signed order on January 17, 2024.  Wilson's appeal in CAAP-23-0000401 is timely taken from the January 17, 2024 order.

[4]     Wilson fails to present any argument on the points of error that he lists as 3 and 5, and we therefore disregard them.  Kaho'ohanohano v. Dep't of Hum. Servs., State of Hawai'i, 117 Hawai'i 262, 297 n.37, 178 P.3d 538, 573 n.37 (2008) (the appellate court will "disregard a particular contention if the appellant makes no discernible argument in support of that position"); Hawai'i Rules of Appellate Procedure (**HRAP**) 28(b)(7) ("Points not argued may be deemed waived.").  The four points of error on which Wilson presents argument are renumbered and addressed in turn.

(1) denying Wilson's motions to dismiss "for pre-indictment delay and for speedy-trial and Rule-48 delay"; (2) denying Wilson's motion to quash the State's search warrant authorizing "buccal swabs and DNA testing[,]" and allowing the testimony of the State's DNA expert; (3) denying Wilson's motions for judgment of acquittal, and affirming the jury verdict "despite insufficient evidence of reckless intent"; and (4) "wrongly balanc[ing] the probation factors under HRS § 706-621[,]" and "fail[ing] to state on the record its reasoning under HRS § 706-606 for the harshest sentence available – twenty years of prison."  In CAAP-23-0000401, he contends that the circuit court erred by denying his motion for reconsideration of his indeterminate 20-year prison sentence.[5]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, we resolve Wilson's points of error as follows:

(1) Wilson contends that the circuit court erred in denying his January 2020 Motion to Dismiss Indictment for Violation of Defendant's Rights to Due Process and to a Fair Trial (**January 2020 motion**), and his February 2020 Motion to Dismiss for Pre-Indictment Delay, or in the Alternative, for Violation of Hawai'i Rules of Penal Procedure (**HRPP**) Rule 48

---

[5]     We address the single point of error that Wilson raises in CAAP-23-0000401 in section (5) below.

(**February 2020 motion**). Wilson's January 2020 motion alleged that the pre-indictment delay violated his Due Process rights; Wilson's February 2020 motion alleged a violation of HRPP Rule 48 and his right to a speedy trial.

In August 2020, the circuit court entered its Findings of Fact, Conclusions of Law and Order Denying Defendant's Motion to Dismiss for Pre-Indictment Delay, or in the Alternative, for Violation of HRPP Rule 48. The record reflects that the parties had stipulated to the circuit court's 48 findings of fact. "[W]hether those facts fall within HRPP 48(b)'s exclusionary provisions is a question of law, the determination of which is freely reviewable pursuant to the 'right/wrong' test." State v. Hernane, 145 Hawaiʻi 444, 449, 454 P.3d 385, 390 (2019) (citation omitted).

Consistent with the stipulated facts, the circuit court determined that Wilson had not demonstrated that the pre-indictment delay caused him actual substantial prejudice. State v. Higa, 102 Hawaiʻi 183, 187, 74 P.3d 6, 10 (2003) ("When a defendant alleges a violation of due process based on a preindictment delay, the court must employ a balancing test, considering actual substantial prejudice to the defendant against the reasons asserted for the delay.") (citation omitted).

4

Moreover, the circuit court concluded that, of the 441 calendar days that had elapsed from the time of his indictment to the filing of his February 2020 motion, Wilson had executed and filed written HRPP Rule 48 and speedy trial waivers for 372 of those days.  Given those waivers, which the circuit court concluded it "cannot ignore[,]" Wilson did not suffer pre-trial delay in violation of HRPP Rule 48 or his speedy trial rights.[6] See HRPP 48(c)(3) (excluding from the computation of time "periods that delay the commencement of trial and are caused by a continuance granted at the request or with the consent of the defendant or defendant's counsel").

The circuit court's conclusions were not wrong.  On this record, the circuit court did not err in denying Wilson's motions to dismiss.

(2) We resolve Wilson's contentions regarding the DNA evidence as follows.  First, Wilson asserts that the circuit court erred in "den[ying] [Wilson]'s motion to quash [the State]'s search warrant authorizing, four years into the case, buccal swabs and DNA testing on [Wilson][.]"  Aside from a conclusory statement about "the lateness of the [State]'s request" for DNA gathering, Wilson provides no legal support for

---

[6]     Wilson does not deny that he consented to these waivers and continuances of trial.  He contends instead that his consent was "coerced" due to the State's failure to timely disclose discovery materials, and relies on the mere fact of the State's alleged delay, without pointing to evidence of coercion.

his argument, and it is therefore deemed waived.  See HRAP Rule 28(b)(7).

Second, Wilson did not object to the circuit court's admission of DNA expert Michelle Amorin's testimony. "[O]bjections to the admission of incompetent evidence, which a party failed to raise at trial, are generally not subject to plain error review."  State v. Metcalfe, 129 Hawai'i 206, 225, 297 P.3d 1062, 1081 (2013) (citation omitted).  We therefore do not consider Wilson's contention, raised for the first time on appeal, that the circuit court erred by admitting the DNA expert's testimony, including evidence relating to "statistical analysis."

(3) Wilson contends that the circuit court erred in denying Wilson's motions for judgment of acquittal because the record contains insufficient evidence to establish Wilson's "reckless intent[,]" and because Kaho'oilihala's "death by ejection" was "too remote or accidental" to be within the risk of which Wilson was aware.

> The standard to be applied by the trial court in ruling upon a motion for a judgment of acquittal is whether, upon the evidence viewed in the light most favorable to the prosecution and in full recognition of the province of the [trier of fact], a reasonable mind might fairly conclude guilt beyond a reasonable doubt.  An appellate court employs the same standard of review.

State v. Carroll, 146 Hawai'i 138, 150, 456 P.3d 502, 514 (2020) (quoting State v. Keawe, 107 Hawai'i 1, 4, 108 P.3d 304, 307

(2005)) (brackets in quotation). Applying this standard, we determine that Wilson's contention lacks merit.

Evidence was adduced by the State at trial that, prior to the car accident, Wilson was "intoxicated[,]" "stumbling," and "slurring when [he was] talking" prior to the time he "jumped into the driver's seat." Moreover, Wilson "was speeding" and "swerving" over "dips" in the road. One witness testified that Wilson was driving "[m]aybe like 100 [mph], I'm not too sure, but I was going like probably 80, and I still couldn't catch up to them." At one point, the driver and passenger in the car following the vehicle driven by Wilson was "on the phone with 911" to report that Wilson was "drinking and driving" and asking that "somebody [be sent] out to stop them because we couldn't stop them." While on this call, "[the car Wilson was driving] did end up crashing, colliding with another vehicle and going off the Cliff."

On this record, the circuit court did not err by denying the motions for judgment of acquittal.

(4) Wilson contends that the circuit court abused its discretion in sentencing Wilson to an indeterminate 20-year prison term, instead of probation. "A sentencing judge generally has broad discretion in imposing a sentence. The applicable standard of review for sentencing or resentencing matters is whether the court committed plain and manifest abuse

7

of discretion in its decision." State v. Canosa, 152 Hawai'i 145, 154, 523 P.3d 1059, 1068 (2023) (cleaned up).

Wilson was convicted of the class A offense of manslaughter. HRS § 707-702(1)(a). The circuit court thus, pursuant to HRS §§ 706-620 (2014)[7] and 706-659 (2014),[8] had the discretion to sentence Wilson to either probation **or** an indeterminate prison sentence of 20 years. In imposing a sentence, the circuit court considered the factors set forth in HRS § 706-606 (2014) and, with respect to probation, HRS § 706-621 (2014). HRS § 706-606(3) ("The court, in determining the particular sentence to be imposed, shall consider . . . [t]he kinds of sentences available[.]"); State v. Hussein, 122 Hawai'i 495, 500-01, 229 P.3d 313, 318-19 (2010) ("A sentencing court must consider all sentencing options, since such consideration is mandated by HRS § 706-606(3).").

The record reflects that the circuit court considered all ten probation factors set forth in HRS § 706-621(2). Among other things, the circuit court found that, with respect to HRS § 706-621(2)(a), "here the conduct resulted in the death of

---

[7]    HRS § 706-620 states, in relevant part, "[a] defendant who has been convicted of a crime may be sentenced to a term of probation unless . . . (2) The crime is a class A felony, except class A felonies defined . . . by section 707-702[.]"

[8]    HRS § 706-659 states, in relevant part, "[a] person who has been convicted of a class A felony defined in . . . section 707-702, may be sentenced to an indeterminate term of imprisonment. . . . When ordering such a sentence, the court shall impose the maximum length of imprisonment which shall be twenty years."

another person, and there can be no greater loss and no greater harm than that."  The circuit court determined that this factor, among others, weighed against probation.  The circuit court thus considered, *inter alia*, "[t]he need for the sentence imposed" "[t]o reflect the seriousness of the offense," "and to provide just punishment for the offense[.]"  HRS § 706-606(2)(a).  In so doing, the circuit court "articulated a meaningful rationale for the sentence in light of the factors set forth in HRS § 706-606."  State v. Kong, 131 Hawaiʻi 94, 104, 315 P.3d 720, 730 (2013) (quotation omitted).

On this record, we conclude that the circuit court did not abuse its discretion in sentencing Wilson to an indeterminate 20-year prison sentence.

(5) Wilson contends that the circuit court "erred where it denied [Wilson]'s motion for reconsideration of sentence after the Court wrongly balanced the probation factors under HRS § 706-621 and thereafter issued the harshest sentence available – twenty years of prison."

"A circuit court's ruling with regard to a party's motion for reconsideration is reviewed on appeal for an abuse of discretion."  State v. Oughterson, 99 Hawaiʻi 244, 253, 54 P.3d 415, 424 (2002) (citation omitted).  Wilson's motion for reconsideration did not raise a new argument that could not have been presented earlier, but instead reiterated his contention

9

that the factors set forth in HRS § 706-621 weighed in favor of probation. Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992) ("The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented . . . earlier[.]"). We conclude, on this record and for the reasons set forth in section (4) *supra*, that the circuit court did not abuse its discretion in denying Wilson's motion for reconsideration.

For the foregoing reasons, the circuit court's Judgment of Conviction and Sentence, filed on November 15, 2022, and the Order Denying Motion for Reconsideration of Sentence Filed on February 10, 2023, entered on January 17, 2024, are affirmed.

DATED: Honolulu, Hawai'i, March 28, 2024.

On the briefs:

Kai Lawrence,
for Defendant-Appellant.

Stephen K. Tsushima,
Deputy Prosecuting Attorney,
City and County of Honolulu
for Plaintiff-Appellee.

/s/ Clyde J. Wadsworth
Presiding Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Kimberly T. Guidry
Associate Judge